IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD KENDRICKS COOK,

    Petitioner,                    No. CIV-07-0208 ALA HC

    vs.

BEN CURRY, et al.,

    Respondents.              <u>ORDER</u>

        Pending before the court are "Respondent's Motion to Dismiss under Rule 4" (doc. 6), Petitioner's "Motion for Stay and Abeyance of Petitioner's Existing 28 U.S.C. § 2254 Petition" (doc. 9), Petitioner's "Motion for Leave to Correct any Ambiguity in Petitioner's Existing 28 U.S.C. § 2254 Petition of Pages Regarding Claims I & II" (doc. 10) and Petitioner's "Motion to Amend His Existing Federal Habeas Petition" (doc. 11).

        On May 10, 2007, Respondents moved to dismiss claims one and two of Petitioner's six claims for habeas relief, arguing that "[c]laim one is plainly missing material and key pages of the argument, and claim two is simply not included in the petition." Motion to Dismiss at 1.

        "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," a district court "must dismiss the petition." Rule 4, Rules

1

Governing Section 2254 Petitions.  Further, the petition must "specify all the grounds for relief available to the petitioner . . . state the facts supporting each ground" and "state the relief requested."  Rule 2(c)(1)-(3).  However, summary dismissal is only appropriate "where the allegations in the petition are 'vague [or] conclusory' or 'palpably incredible.'"  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citation omitted).

Petitioner's first claim is not subject to dismissal under this standard.  The claim alleges a constitutional violation, and describes the facts underlying that violation.  *See* Petition at 9.  Therefore, Respondents' motion is denied as to Petitioner's first claim.

Petitioner's second claim is missing from his original petition.  However, as a detailed declaration attached to Petitioner's Opposition to Respondents' Motion explains, this was an inadvertent filing error.  The Amended Petition Petitioner filed on June 6, 2007, differs in only one respect from his original petition: it includes the missing page in which Petitioner asserts his second claim for relief.  *See* Amended Petition (doc. 12).  Respondents do not contest Petitioner's assertions regarding the inadvertent filing mistake.  Therefore, Respondents' motion to dismiss is also denied as to Petitioner's second claim.  We grant Petitioner leave to amend so that the petition subject to adjudication includes the missing second claim.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

IT IS ORDERED DENYING "Respondent's Motion to Dismiss under Rule 4" (doc. 6). IT IS ALSO ORDERED GRANTING Petitioner's "Motion to Amend His Existing Federal Habeas Petition" (doc. 11).  IT IS ORDERED DENYING Petitioner's "Motion for Leave to Correct any Ambiguity in Petitioner's Existing 28 U.S.C. § 2254 Petition of Pages Regarding Claims I & II" (doc. 10)[1] and "Motion for Stay and Abeyance of Petitioner's Existing 28 U.S.C.

---

[1] Petitioner's motion to correct requests the same relief as his motion for leave to amend, and is denied on grounds of mootness.

§ 2254 Petition" (doc. 9).[2]

FINALLY, Respondents are directed to file a response to Petitioner's amended petition within thirty-five (35) days from the date of this order.

If the response to the petition is an answer, Petitioner's traverse, if any, shall be filed and served within thirty-five (35) days after service of the answer.

If the response to the habeas petition is a motion, Petitioner's opposition or statement of non-opposition shall be filed and served within thirty-five (35) days after service of the motion, and Respondents' reply, if any, shall be filed and served within twenty-one (21) days thereafter.

/////

DATED: December 20, 2007

                                            /s/ Arthur Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[2] Under certain circumstances, a district court may stay a petition that asserts both exhausted and unexhausted claims "while the petitioner exhausts his unexhausted claims." *Robbins v. Carey*, 481 F.3d 1143, 1147 n.1 (9th Cir. 2007). However, neither party asserts that Petitioner's claims are unexhausted. Therefore, a motion to stay and abey is at this point premature.