IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD KENDRICKS COOK,

    Petitioner,                            Case No. 2:07-cv-00208 ALA (HC)

    vs.

BEN CURRY,

    Respondent.[1]                     <u>ORDER</u>

_____/

      Pending before the Court are Petitioner Donald Kendricks Cook's amended application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(a) (Doc. 12), and Respondent's Answer (Doc. 18). Petitioner waived his right to file a traverse (Doc. 21). For the reasons discussed below, Petitioner's application is denied.

---

[1] Pursuant to 28 U.S.C. § 2242, a petitioner must name as respondent "the person who has custody over him . . . ." The Ninth Circuit has held that "[t]he proper respondent in a federal habeas corpus [application] is the petitioner's 'immediate custodian.'" *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). This is typically the warden of the facility wherein a petitioner is incarcerated. *Id.*

1

I

On June 4, 2004, a Sacramento County Superior Court jury found Petitioner guilty of being a felon in possession of a firearm and making a false representation to a police officer, in violation of California Penal Code § 12021(a)(1) and § 148.9, respectively. (Am. Pet. at 1). Petitioner was sentenced to twenty-five years to life in state prison. (Am. Pet. at 1). Petitioner filed a direct appeal in the California Court of Appeal for the Third Appellate District on July 19, 2004, case number C047405. (Am. Pet. at 2; Ans. at 2). The California Court of Appeal affirmed the judgment of conviction and the sentencing decision. *People v. Cook*, No. C047405, 2005 Cal. App. Unpub. LEXIS 3077 (Cal. App. 3d Dist. Apr. 4, 2005). Petitioner filed a petition for review of the California Court of Appeal's decision in the California Supreme Court on May 6, 2005, case number S133646. (Am. Pet. at 2). The California Supreme Court denied review on June 8, 2005. (Am. Pet. at 2).

Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on April 24, 2006, case number S142854. (Ans. at 2). The petition was denied summarily on December 20, 2006. (Ans. at 2). Petitioner filed a timely application for a writ of habeas corpus in this Court on January 31, 2007. (Pet. at 1).

II

Petitioner's federal habeas corpus application raises several claims for relief. Petitioner claims he was denied due process because the trial court abused its discretion by denying his *Romero* motion under California Penal Code § 1385 to strike Petitioner's prior robbery convictions. (Am. Pet. at 8-9). He also argues that he was denied due process when the trial court ordered him to submit blood specimens, a saliva sample, and finger and palm prints under California Penal Code § 296. (Am. Pet. at 9). Petitioner further asserts that he was denied due process because the evidence at trial was insufficient as a matter of law to sustain his conviction

for being a felon in possession of a firearm. Next, Petitioner contends he was denied effective assistance of trial counsel because his counsel "failed to object to the state evidence that Petitioner was in possession of a gun, thereby failing to preserve an arguable issue for appeal." (Am. Pet. at 11-12). In addition, Petitioner claims he was denied due process because the jury considered evidence "not in the record" in rendering its verdict. (Am. Pet. at 12-13). Last, Petitioner argues he was denied effective assistance of appellate counsel under the Sixth Amendment because his appellate counsel "failed to raise all meritorious issues on appeal." (Am. Pet. at 13).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court decision, this Court must look to the last reasoned state court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). In his direct appeal to the California Court of Appeal, Petitioner exhausted his claims that the trial court failed to strike Petitioner's prior robbery convictions and that the trial court erred in ordering him to submit blood specimens, a saliva sample, and finger and palm prints pursuant to California Penal Code § 296. That court issued a reasoned decision. Because the California Supreme Court denied his petition for review summarily, in assessing Petitioner's entitlement to habeas relief under his first two claims, this Court must review the California Court of Appeal's decision on his direct appeal. *Ylst*, 501 at 803.

1  The remaining four claims in his habeas application were denied without a reasoned
2  opinion by any state court. If a state court denies constitutional claims without a reasoned
3  decision, a federal court reviewing a habeas corpus application pursuant to § 2254(a) "ha[s] no
4  basis other than the record for knowing whether the state court correctly identified the governing
5  legal principle or was extending the principle into a new context." *Delgado v. Lewis*, 223 F.3d
6  976, 981-82 (9th Cir. 2000). "While Supreme Court precedent is the only authority that is
7  controlling under AEDPA, we look to Ninth Circuit case law as 'persuasive authority for
8  purposes of determining whether a particular state court decision is an "unreasonable
9  application" of Supreme Court law.'" *Luna v. Cambra*, 306 F.3d 954, 960 (9th Cir. 2002)
10 (quoting *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), *cert. denied*, 531 U.S. 944,
11 944 (2000)). Thus, pursuant to *Delgado*, the Court must conduct an independent review of the
12 record to determine whether the state court's decision was objectively unreasonable. In
13 *Delgado*, the Ninth Circuit held that

> Federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.

17 223 F.3d at 982; *see also Luna*, 306 F.3d at 954 (quoting *Fisher v. Roe*, 263 F.3d 906, 915 (9th
18 Cir. 2001) (internal citation omitted) ("We reverse only if 'a careful review of the record and the
19 applicable case law leaves us with the "firm conviction" that the state court was wrong.'")).

III

A

1

24  Petitioner maintains that "the trial court abused its discretion when it failed to grant
25  Petitioner's § 1385 (*Romero*) motion to strike the allegation of Petitioner's prior robbery

4

[convictions], thus, depriving [Petitioner] of his federal constitutional rights to due process . . . ." (Am. Pet. at 8).

California Penal Code § 1385 provides

> (a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading.
> (b) This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667.
> (c)
>> (1) If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a).
>> (2) This subdivision does not authorize the court to strike the additional punishment for any enhancement that cannot be stricken or dismissed pursuant to subdivision (a).

A *Romero* motion is a request by a defendant that the court exercise its authority pursuant to Penal Code § 1385 to strike a prior felony conviction. *People v. Superior Court (Romero)*, 917 P.2d 628, 640 (Cal. 1996). Thus, as the California Supreme Court held in *Romero*, a trial court's refusal to strike a prior conviction is permitted under California Penal Code § 1385. *Id.*

Petitioner contends that the trial court erred in denying his *Romero* motion because his criminal background is limited and that the California Court of Appeal agreed when it held that "the current offenses were not violent crimes, per se." (Am. Pet. at 8). Petitioner argues that "[b]ecause the trial court's decision was irrational and/or arbitrary, to the extent [n]o reasonable [person could] agree with it, Petitioner is being denied to [sic] his Federal Constitutional rights

5

to due-process . . . which resulted in Petitioner receiving an excessive sentence." (Am. Pet. at 8-9).

Petitioner misreads the Court of Appeal's decision. That Court reasoned as follows:

> Before sentencing, [Petitioner] requested the trial court to exercise its discretion pursuant to Penal Code section 1385 to dismiss prior strikes. The trial judge commented that she had spent a great deal of time on this case and had considered the witnesses' statements and parties' arguments. She then explained her decision: "It is true that a trial court has discretion under Penal Code [s]ection 1385 to dismiss a prior strike in the furtherance of justice; however, the Court's discretion is not unfettered when it looks to whether it can strike a prior. I simply cannot search outside of the three strikes scheme. I must give preponderate weight to factors intrinsic to the three strikes scheme.
>
> I'm required to look to the [Petitioner's] current offense, his prior criminal background, his prospects, his character and so forth. . . . You have a lengthy criminal history. You have been incarcerated. You've spent very little time outside of incarceration. You do not appear to be able to stay away from things that you should not be doing, and there's just been very little time where you have been out on your own and not shown that you can abide by the law. Accordingly, defense motion to invite the Court to strike a strike is denied."
>
> * * *
>
> Defendant's more general challenge to the trial judge's exercise of her discretion also fails. Defendant claims the current felony and misdemeanor offenses were relatively minor, nonviolent crimes. He also minimizes his prior criminal history. But, as previously noted, defendant's prior strikes involved three different armed robberies and multiple victims. And though the current offenses were not violent crimes, per se, they do suggest the potential for violence considering defendant's possession of loaded weapons and his prior record. Finally, defendant's employment history and prior performance when released from custody suggest that his future prospects are questionable at best.

*People v. Cook*, LEXIS 3077 at *5-6.

6

In reviewing a habeas corpus application, this Court is limited to deciding whether a conviction violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing law does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Petitioner has failed to demonstrate that the trial court's denial of his *Romero* motion wherein Petitioner sought to strike his prior convictions was fundamentally unfair. Thus, Petitioner's claim is not cognizable in this federal habeas corpus proceeding.

2

Petitioner asserts that he was denied due process when the trial court ordered him to submit blood specimens, a saliva sample, and finger and palm prints pursuant to California Penal Code § 296.[2] (Am. Pet. at 9).

---

[2] Penal Code § 296 provides in pertinent part:

> (a) The following persons shall provide buccal swab samples, right thumbprints, and a full palm print impression of each hand, and any blood specimens or other biological samples required pursuant to this chapter for law enforcement identification analysis:
>
> > (1) Any person . . . who is convicted of or pleads guilty or no contest to any felony offense, or is found not guilty by reason of insanity of any felony offense . . . .
> >
> > (2) Any adult person who is arrested for or charged with any of the following offenses:
> >
> > > (A) Any felony offense specified in Section 290 or attempt to commit any felony offense described in Section 290 . . . .
> > >
> > > (B) Murder or voluntary manslaughter or any attempt to commit murder or voluntary manslaughter.
> > >
> > > (C) Commencing on January 1 of the fifth year following

(continued...)

Petitioner argues that neither Penal § 12021(a)(1)[3] nor § 148.9,[4] under which Petitioner was charged, "are deemed qualifying offenses for which to enact [sic] section 296." (Am. Pet. at 9).

Respondent contends that Petitioner's due process claim regarding Penal Code § 296 is moot because "[t]he California Appellate Court granted Petitioner relief as to his claim that the trial court improperly ordered him to submit specimens under California Penal Code section 296." *See People v. Cook*, LEXIS 3077 at *10-11.

A matter is moot if at any time during the course of litigation the petitioner ceases to be threatened with or suffer, "an actual injury [that is] traceable to the [respondent]," and that is "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

---

[2](...continued)
       enactment of the act that added this subparagraph, as amended, any adult person arrested or charged with any felony offense.

[3] Penal Code § 12021(a)(1) provides in pertinent part:
    Any person who has been convicted of a felony under the laws of the United States, [or] the State of California . . . and who owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.

[4] Penal Code § 148.9 provides in pertinent part:
    (a) Any person who falsely represents or identifies himself or herself as another person or as a fictitious person to any peace officer listed in Section 830.1 or 830.2, or subdivision (a) of Section 830.33, upon a lawful detention or arrest of the person, either to evade the process of the court, or to evade the proper identification of the person by the investigating officer is guilty of a misdemeanor.

In addressing this contention, the California Court of Appeal stated that

> [a]t the time of sentencing, on June 4, 2004, Penal Code section 296 did not apply to persons convicted of possession of a firearm by a felon or of falsely identifying themselves to a peace officer. (See 2002 Stats., ch. 160). Defendant's prior convictions were likewise not enumerated offenses. (See *ibid*). Thus, the collection requirement was unauthorized and should be stricken.

*People v. Cook*, LEXIS 3077 at *10-11.

Petitioner did not submit a blood specimen, saliva sample, or finger and palm prints pursuant to the trial court's order. (Lod. Doc. B at 14).[5] Further, Petitioner has not demonstrated that the trial court's request under Penal Code § 296 is "capable of repetition, yet evading review." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). Therefore, because the California Court of Appeal struck the order requiring Petitioner to provide samples pursuant to Penal Code § 296, and Petitioner has failed to demonstrate any prejudice, this claim is moot . (Lod. Doc. C at 9).

3

Petitioner argues that he was denied due process because the evidence at trial was insufficient as a matter of law to sustain his conviction for possession of a firearm as a felon. (Am. Pet. at 10-11). Petitioner maintains that the "State failed to prove that Petitioner owned, or ever had in his possession, a weapon of any type." (Am. Pet. at 10). He asserts that "[a]ccording to the evidence, Montesha Johnson ["Johnson"] owned up to the ownership and possession of the gun found in her home and cleared Petitioner without any proven prior discussion with him." (Am. Pet. at 10). Petitioner argues that Johnson testified that her father "brought her a gun the

---

[5] Respondent's Brief in Petitioner's direct appeal in the Court of Appeal states: "Appellant does not contend that any samples [pursuant to Penal Code § 296] have already been taken." (Lod. Doc. B at 14). In its decision, the Court of Appeal did not contest Respondent's statement, and held that "the collection requirement was unauthorized and should be stricken." (Lod. Doc. C at 8-9).

9

day before Petitioner's arrest," and that "she had awoken earlier that morning [of Petitioner's arrest] and placed one of the guns in the bedroom by the bed for which Petitioner was observed 'sleeping' when the [officers] confronted him." (Am. Pet. at 10).

Respondent argues there was "substantial evidence presented to the jury to support the conviction of possession of a firearm by a felon." (Ans. at 9). Respondent maintains that once Johnson allowed the police into her house, she "asked police to get Petitioner out of her house." (Ans. at 9). In his Answer, Respondent states that the trial transcript reflects that while searching the house, the police found Petitioner asleep in bed, with a fully-loaded .357 magnum on a table within his reach. (Ans. at 9-10). Respondent also asserts that the record shows that Johnson told the police officers that Petitioner's fingerprints "might have been on the gun because 'he picked it up.'" (Ans. at 10). Respondent asserts that "[v]iewed in the light most favorable to the judgment, a rational trier of fact could have found that Petitioner took possession of the gun and then pretended to be asleep in the bed when the police arrived at Johnson's house." (Ans. at 10). In reviewing this claim, this Court must "conduct an independent review of the record to determine whether the state court's decision was objectively unreasonable" because there is no reasoned state court decision regarding Petitioner's claim. *Delgado*, 223 F.3d at 982.

This Court "must consider not whether there was *any* evidence to support a state-court conviction, but whether there was sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 307 (1979). "As a matter of federal constitutional law, 'the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (2005) (citing *In re Winship*, 397 U.S. 358, 364 (1970)). In a case where the record supports conflicting inferences, this Court "must presume – even if it does not affirmatively appear in the record – that the trier of fact

resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The AEDPA adds an "additional layer of deference," requiring this Court to address whether the state court's decision "reflected an 'unreasonable application of' *Jackson* and *Winship* to the facts of this case." *Juan H.*, 408 F.3d at 1275 (citing 28 U.S.C. § 2254(d)(1)).

To convict an individual for possession of a firearm by a felon in violation of Penal Code § 12021(a)(1), a court must find that the individual: (1) was a convicted felon; and (2) owned, purchased, received, or had in his or her possession or under his or her custody any firearm. Penal Code § 12021(a)(1). "Penal Code section 12021 requires no specific intent. . . . [G]eneral intent to commit the proscribed act is all that is necessary." *People v. Neese*, 272 Cal. App. 2d 235, 245 (Ct. App. 1969). A convicted felon violates Penal Code § 12021(a)(1) "*the instant the felon in any way has a firearm within his control.*" *People v. Ratcliff*, 223 Cal. App. 3d 1401, 1410 (Ct. App. 1990). "'Possession of [a gun] may be proved circumstantially and it is not necessary to show that the accused was in exclusive possession of the premises.' Possession of a firearm for even a limited time and purpose may be sufficient to bring [petitioner] within the statute." *Neese*, 272 Cal. App. at 245 (internal citation omitted).

On the direct appeal of his conviction, the parties stipulated that Petitioner had been convicted of a prior felony. (Lod. Doc. H at 91). The testimony at trial revealed that the police arrived at Johnson's house in response to a possible domestic violence situation with an armed suspect. (Lod. Doc. H at 57, 164). While searching the house, police found Petitioner lying covered up in a bunk bed in Johnson's daughter's room, with his eyes closed. (Lod. Doc. H at 34-35, 100). Police found a loaded Ruger single-action .357 gun on the TV tray next to Petitioner, "within easy reach so that [Petitioner] wouldn't have had to move from where he was to access it." (Lod. Doc. H at 38, 51). One police officer testified that the gun was within three

11

feet of Petitioner's head. (Lod. Doc. H at 167). Further, police found a loaded .22 caliber Westfield handgun in a safe in the hallway of Johnson's house that also contained Petitioner's California I.D. card and social security card. (Lod. Doc. H at 68-70).

This evidence demonstrates that there was sufficient evidence to justify a rational trier of fact to find, beyond a reasonable doubt, that Petitioner satisfied both elements of Penal Code § 12021(a)(1). Accordingly, Petitioner is not entitled to habeas relief regarding this claim.

4

Petitioner asserts that he was denied the effective assistance of counsel in violation of the Sixth Amendment because his trial attorney "failed to object to the state evidence that Petitioner was in possession of a gun, thereby failing to preserve an arguable issue for appeal." (Am. Pet. at 11-12). Petitioner asserts that "trial counsel was knowledgeable that Johnson testified that her father brought her a gun the day before Petitioner's arrest . . . ." (Am. Pet. at 11). Petitioner argues that despite his trial counsel's knowledge that Johnson told the police the guns were hers, and that she placed the gun in the bedroom where Petitioner was found sleeping, trial counsel failed "to object to the State's evidence that Petitioner was in possession of a gun." (Am. Pet. at 11).

Respondent claims that "Petitioner fails to state what objections his counsel should have made during the prosecution's case" and "fails to cite any law to support his claim of ineffective assistance of counsel." (Ans. at 11). Respondent asserts that Petitioner's trial counsel presented evidence that

> (1) she had a violent ex-husband who threatened her, therefore, she wanted to be armed when she saw him that day, (2) her father had given her the .357 magnum handgun the day before and she placed it on the bed where Petitioner was sleeping, and (3) the gun found in the safe was her cousin's gun.

(Ans. at 11).

"The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 684 (1984). The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. To succeed on a Sixth Amendment claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Strickland*, 466 U.S. at 686-94. "Ineffective assistance under *Strickland* is deficient performance by counsel resulting in prejudice." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). "[T]o establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (citation omitted). Further, conclusory suggestions that trial counsel "provided ineffective assistance fall . . . short of stating a valid claim of constitutional violation." *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995).

The Court must "conduct an independent review of the record to determine whether the state court's decision was objectively unreasonable" in reviewing this claim because there is no reasoned state court decision regarding Petitioner's claim of ineffective assistance of counsel. *Delgado*, 223 F.3d at 982.

Upon review of the record, it is clear that Petitioner's counsel did object to questions concerning whether Petitioner was in possession of a gun. On Deputy District Attorney Keri Sternberg's redirect examination of Deputy Summers, a prosecution witness, he asked the

13

officer, "Okay. You indicated - - well, you've described in a photo where the gun was located, but from where you saw the defendant lying in the bed, would he be able to reach the location of the gun?" (Lod. Doc. H at 51). Petitioner's counsel Kelly Tanalepy objected, stating, "Objection, speculation. He was not able to give us direct measurements." (Lod. Doc H at 51).

Further, Petitioner's counsel made a motion outside of the jury's presence pursuant to Penal Code § 1118[6] in which he argued that

> insufficient evidence has been brought forward on the elements for Count 1, primarily the possession element, which would require either active possession or constructive possession. Constructive possession, demanding knowledge of the existence of the item; that there is no sufficient proof shown at this time that Mr. Cook had any such knowledge.

(Lod. Doc. H at 94). The trial court denied the motion, holding that "the People have met their burden to allow the [c]ourt to overrule the 1118 motion. This is an issue for the fact finders." (Lod. Doc. H at 94).

After independently reviewing the entire record, this Court concludes that Petitioner was not denied the effective assistance of counsel. His attorney objected to the state's evidence that Petitioner was in possession of a gun. The trial court did not clearly err in its application of the effective assistance of counsel standard outlined in *Strickland*, and Petitioner failed to

---

[6] Penal Code § 1118 provides:
In a case tried by the court without a jury, a jury having been waived, the court on motion on the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses. If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right.

demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Wiggins*, 539 U.S. at 534. Thus, Petitioner is not entitled to habeas relief concerning this claim.

5

Petitioner asserts he was denied due process because the jury at trial considered evidence "not in the record" in rendering its verdict. (Am. Pet. at 12-13). Petitioner claims he was "deprived and subjected to an unfair trial when the jury foreman made it clear that they, the jury, thought that Petitioner was arrested for domestic violence as a result of a problem with Johnson." (Am. Pet. at 12). Petitioner asserts that "the [c]ourt record shows clearly that Petitioner was never arrested or charged by the People for an offense of 'domestic violence,' and that the child Montesha Johnson never called the police to her home due to an act of domestic violence." (Am. Pet. at 12). Petitioner further contends that during trial, the prosecution submitted "uncharged and unsubstantiated evidence" when a police officer testified that he came to Johnson's house to respond to a call for domestic violence. (Am. Pet. at 12).

Respondent asserts that the record shows the following during trial:

> The first reference was during the People's direct examination of Sacramento County Sheriff's department Sergeant James Giannelli, who testified that he went to Petitioner's girlfriend's house because "We had gotten a call of - domestic violence over there." [Lod. Doc. H at 57.] The second reference was during the [defense's] direct examination of Petitioner's girlfriend, who testified that she had been in a violent relationship with her ex-husband. [Lod. Doc. H at 104-05.] The third reference was during the People's cross-examination of Officer Bryan Hammer, who testified that he went to Petitioner's girlfriend's house because he was responding to a "possible domestic violence situation . . . [.]" [Lod. Doc. H at 157-58, 164.]

Ans. at 12. According to Respondent, "[a]t no time did Petitioner's counsel object to this line of questioning." (Ans. at 12). Respondent further claims that the trial court instructed the jury to

15

"'consider only evidence which has properly been admitted into this trial. Please do not speculate on evidence which is not before you nor to [sic] speculate on any reasons why any evidence is or is not before you.' [Lod. Doc. H at 97.]" (Ans. at 12).

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . .; [and] to be confronted with the witnesses against him . . . ." U.S. CONST. amend. VI. "In the constitutional sense, trial by jury in a criminal case necessarily implies . . . that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel." *Turner v. Louisiana*, 379 U.S. 466, 472-73 (1965). Jury misconduct occurs when there "exist[s] a reasonable possibility that the [jury considered] extrinsic material [that] could have affected the verdict." *United States v. Vasquez*, 597 F.2d 192, 193 (9th Cir. 1979).

This Court must "conduct an independent review of the record to determine whether the state court's decision was objectively unreasonable" because there is no reasoned state court decision regarding Petitioner's claim of an unfair trial. *Delgado*, 223 F.3d at 982.

After reviewing the record, this Court is persuaded that Petitioner was not denied a fair trial. The record reveals that Petitioner had full judicial protection under the *Turner* standard to confront and cross-examine all witnesses at trial who testified about responding to a possible domestic violence situation. Second, the record does not support Petitioner's claim that "the jury [ ] thought that Petitioner was arrested for domestic violence as a result of a problem with Johnson." (Petition at 12). The court instructed the jury that Petitioner "was neither arrested for nor charged with domestic violence." (Lod. Doc. H at 54). "The record does not show that there "exist[s] a reasonable possibility that the [jury considered] extrinsic material [that] could have

affected the verdict." *Vasquez*, 597 F.2d at 193. The trial court did not clearly err in its application of clearly established federal law.

6

Petitioner argues he was denied effective assistance of appellate counsel in violation of the Sixth Amendment because his appellate counsel "failed to raise all meritorious issues on appeal." (Am. Pet. at 13). Petitioner claims that appellate counsel "only exhausted one claim with regards to Petitioner's direct appeal, though counsel was readily aware . . . that 'other' viable claims existed" that "could have resulted in a ruling favorable to Petitioner." (Am. Pet. at 13). Petitioner stated that appellate counsel failed to raise: (1) an "insufficiency of evidence" claim regarding Petitioner's alleged possession of a firearm; (2) a claim of ineffective assistance of trial counsel who failed to challenge and move for dismissal on the count that Petitioner was in possession of a firearm; and (3) a claim that trial counsel failed to object to inadmissible evidence received by the jury during deliberation. (Am. Pet. at 13).

Respondent claims that "Petitioner is not entitled to habeas relief because the California Supreme Court's rejection of Petitioner's [claim] was reasonable." (Ans. at 14). First, Respondent argues that "there was sufficient evidence to support the jury's finding that Petitioner was in possession of a firearm." (Ans. at 14). Next, Respondent also contends that Petitioner's claim is moot "as Petitioner's trial counsel did challenge and seek removal of the possession of firearm allegation." (Ans. at 14). Respondent further asserts that Petitioner's allegation about jury misconduct in evaluating evidence at trial is meritless. (Ans. at 14).

The Court must "conduct an independent review of the record to determine whether the state court's decision was objectively unreasonable" because there is no reasoned state court decision regarding Petitioner's claim of ineffective assistance of appellate counsel. *Delgado*, 223 F.3d at 982. The Court may grant habeas relief only if it finds that the state court's decision

17

involved an objectively unreasonable application of *Strickland. See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (internal citation omitted) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective . . . is that enunciated in *Strickland*"). Petitioner must establish "deficient performance by [appellate] counsel resulting in prejudice." *Rompilla*, 545 U.S. at 380. Appellate counsel does not have to raise every nonfrivolous issue requested by a petitioner. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

As discussed *ante,* this Court rejected Petitioner's claims of insufficiency of evidence, ineffective assistance of trial counsel, and that trial counsel failed to object to inadmissible evidence received by the jury during deliberation. Thus, Petitioner has failed to demonstrate that appellate counsel's failure to raise these issues on appeal constitutes ineffective assistance of appellate counsel under *Strickland*.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is DENIED.

2. The Clerk of Court is DIRECTED to enter judgment in favor of the Respondent and close the case.

DATED: October 21, 2008         /s/ Arthur L. Alarcón
                                 UNITED STATES CIRCUIT JUDGE
                                 Sitting by Designation